IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TRAVIS BRICE WHITE,  #L4829**                                    **PETITIONER**

**V.**                                          **CIVIL ACTION NO. 1:15cv24-KS-RHW**

**MARSHALL FISHER**                                                       **RESPONDENT**

## REPORT AND RECOMMENDATIONS

Before the Court are [1] the January 23, 2015[1] Petition for Writ of Habeas Corpus filed by Travis Brice White pursuant to 28 U.S.C. § 2254, and [12] Respondent's March 31, 2015 motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d).  Petitioner has filed no response to the motion to dismiss.  Having considered the pleadings, exhibits, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that Petitioner's request for federal habeas relief was untimely filed, and the petition should be dismissed with prejudice.

### Facts and Procedural History

Travis White is presently confined at Mississippi State Penitentiary at Parchman, Mississippi where Earnest Lee is superintendent. White is in custody of the Mississippi Department of Corrections (MDOC) serving a life sentence for a conviction of murder from Hancock County, Mississippi.  In a two-count indictment returned February 15, 1991, White was charged with (1) killing and murdering Leon Wallace while in the commission of robbery, and (2) kidnapping. [12-2]  White stated in his post-conviction motion that he pled guilty to murder avoid the death penalty on Count I, and to have the kidnapping charge dropped.  [12-2, p. 4]

---

[1] White signed the petition on January 15, 2015. [1, p. 24]

White pled guilty to murder on April 23, 1992, and was sentenced by then Circuit Court Judge James E. Thomas to serve life imprisonment in custody of the MDOC.  [12-1]  By statute, there is no direct appeal from a guilty plea in Mississippi.  Miss. Code Ann. § 99-35-101.

Nineteen years after his conviction and sentence, White filed a motion for post-conviction relief on August 5, 2011, claiming his indictment was fatally defective and as a result his plea was involuntary, his counsel ineffective, his sentence illegal, and the Circuit Court lacked subject matter jurisdiction.  [12-2]  By order of March 15, 2012 the Hancock County Circuit Court denied the post-conviction motion as untimely filed.[2]  [1-1, pp. 1-2]  The Mississippi Court of Appeals affirmed that decision on May 21, 2013.  *White v. State*, 113 So.3d 635 (Miss. App. 2013); [12-4].  Four months after the appellate court mandate issued on June 11, 2013, White filed an out of time motion for rehearing on October 7, 2013, which the appellate court denied by order dated April 9, 2014.  [12-6]  White then filed a petition for writ of certiorari with the Mississippi Supreme Court on April 29, 2014, which that court denied on May 12, 2014.  [12-6]

<u>Law and Analysis</u>

Respondent contends White's habeas petition is untimely filed in violation of the one-year statute of limitations set out in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by

---

[2] MISS. CODE ANN. § 99-39-5(2) requires that one who pled guilty must request post-conviction relief within three years after entry of the judgment of conviction.

>the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For limitations purposes, convictions which predate the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) are considered final as of April 24, 1996, the date the AEDPA was enacted.  Since White was convicted in 1992, his conviction was deemed final, for federal habeas purposes, on April 24, 1996, and he was allowed a one-year grace period from that date to file for federal habeas relief.  See *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003)).  Unless some exception applies, White's window for filing a federal habeas petition closed on April 24, 1997.

While the one-year limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," a state post-conviction motion which is filed outside the limitations period does not affect the one-year time-bar for federal habeas relief.  A post conviction application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000).  Although § 2244(d)(2) requires federal courts to toll the time during which a properly filed state post-conviction application is pending (*Flanagan v. Johnson*, 154 F.3d 196, 199, n.1 (5th Cir. 1998)), such an application filed after the period of limitation has expired will not toll the limitation period under § 2244(d)(2).  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired).

Absent a "properly filed" post-conviction application to toll the limitations period, White's time for filing for federal habeas relief expired April 24, 1997, and his petition is time-barred. *See Grillette*, 372 F.3d at 769; *Flanagan*, 154 F.3d at 201. The records on file establish that White filed no state court post-conviction motion until August 5, 2011, years after expiration of his April 24, 1997 deadline for filing for federal habeas. There was no statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2), nor has White presented any "rare and exceptional" circumstances to warrant equitable tolling of the limitations period. The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). *See also Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999)); *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder*, 204 F.3d at 174) (failure to satisfy the statute of limitations must result from external factors beyond the petitioner's control; delays of petitioner's own making do not qualify). To be entitled to equitable tolling, the petitioner must show he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005). It is the petitioner's burden to establish that he is entitled to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). White has presented nothing to justify the delay in filing the present petition. "Under long-established principles, petitioner's lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990); *McQuiddy v. Ware*, 87 U.S. 14, 20 Wall. 14, 19, 22 L.Ed. 311 (1874)).

**RECOMMENDATION**

The undersigned United States Magistrate Judge recommends that Respondent's motion to dismiss be granted, and Travis Brice White's petition for habeas corpus relief, dismissed.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Under Rule 72(a)(3), *L.U.Civ.R.,* a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to it.  Objections must be filed with the clerk of court, served upon the other parties and submitted to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to timely file written objections shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 31st day of July, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE